Porto Rico Leaf Tobacco Co. *v.* Aldrey, District Judge.

## Application for a Writ of *Certiorari.*

No. 34.—Decided November 20, 1907.

Foreclosure of Mortgage—Sale of Unmortgaged Property.—The application of the provisions of section 1 of the Act of March 9, 1905, relating to judgments and the manner of satisfying them in so far as it permits of the sale of other properties belonging to the debtor to satisfy the obligation, or such part thereof as may not have been paid, must be confined to those cases in which judgment has been rendered ordering the payment of the debt in an ordinary action, and it should not be applied in the summary proceedings established by the mortgage law.

Id.—In cannot have been the intention of the Legislature to authorize the sale of a debtor's property, which has not been expressly hypothecated, in a proceeding in which the debtor has not been heard, such as the summary proceedings established by the Mortgage Law. Only that portion of the Act of March 9, 1905, authorizing the sale of property by the marshal is applicable in summary proceedings.

Id.—Nature of Decisions Rendered in Summary Proceedings—Final Judgment.—Although the action of the court in a summary proceeding necessarily terminates the rights of the parties in so far as the proceeding is concerned, nevertheless decisions rendered therein do not partake of the nature of final judgments, by virtue of which execution may issue in general terms.

Id.—The word *decision* used in the Act of March 9, 1905, refers to the order rendered in a summary proceeding, which cannot be characterized as a judgment as the word is used in the same act, it being the *order to pay* rather than *the order of sale* of the property, which is the final determination for the purposes of said proceeding.

Id.—Where the action of the court in summary proceedings for the foreclosure of a mortgage exceeds the limits fixed by law, the debtor himself may attack it, availing himself therefor of the remedies open to him.

Certiorari—Ordinary Remedy.—The writ of *certiorari* is the proper remedy in cases where the procedure is not according to the course of the law, when there is no other ordinary remedy open to the petitioner, or if so, when it is not sufficiently speedy, adequate and effective to correct the errors committed.

The facts are stated in the opinion.

*Mr. Díaz Navarro* for appellant.

Mr. Justice Wolf delivered the opinion of the court.

This is an application for a writ of *certiorari* directed against Pedro de Aldrey, Judge of the First Section of the District Court of San Juan. The Porto Rico Leaf Tobacco Co. commenced a summary proceeding under the Mortgage Law against Amador Frias in the District Court of Guayama, but as the judge of that court had an interest in the matter it was ransferred to the District Court of San Juan.

On the 18th of May, 1907, the district court rendered its decision or order, requiring the debtor to pay the amount due under the mortgage. The debtor was duly served and more than 30 days thereafter, to wit, on the 18th day of September, 1907, the petitioner asked that the property be ordered sold, and that if the mortgaged property should not be found or if the proceeds of the sale should be insufficient to satisfy the judgment, then to secure the money out of any other property of the defendant, as in case of an ordinary execution. The judge made an order or decision to this effect which he ordered to be registered as a sentence in the form prescribed by the law for a sale of property under execution. The order of the district court is as follows:

"Whereas the plaintiff has filed in this section of this court his complaint against the defendant, Amador Frias y Silva, formulating the same in accordance with the provisions of the Mortgage Law; and

"Whereas the said complaint and the documents attached thereto having been examined, the court by its order of the 18th of May, 1907, required the said defendant, Amador Frias y Silva, to pay $7,200 as principal owing on his mortgage, the interest due upon that amount up to the last day of April last passed, which amounted to $3,976, and the interest which may accrue until the said amount is fully paid, and the costs caused and which may be caused, including therein $250 for attorney's fees of the plaintiff; and

"Whereas on the 12th of July of the present year, the debtor was required to pay the said obligations and he was notified that the mortgaged property would be sold at public auction if he did not

effect the payment within the 30 days following, and that the creditor should recover the total amount of the said sums, by proceeding to sell the property mortgaged.

"Therefore, in accordance with the provisions of the Mortgage Law in force, and the provisions of the law of the 9th of March, 1905, in regard to judgments and the manner of satisfying the same,

"I decide and order that the plaintiff in this case recover from the defendant the amount of $7,200, the interest due upon that sum, which amount, up to the last day of April last passed, to the sum of $3,976, the interest which shall accrue thereon up to the final payment at the rate agreed upon, the costs of this proceeding, and $250 for lawyer's fees, an order being issued to the marshal of the district in which the mortgaged property is situated, providing for attachment and sale of the property mortgaged to satisfy this decision, which shall be registered as a judgment in the manner prescribed by the law for the sale of property under execution; and if the mortgaged property shall not be found, or if the result of the sale should be insufficient to satisfy the total amount of this judgment, then the marshal shall proceed to recover the balance of the money, the amount of the judgment, on any other property of the defendant, as in case of an ordinary execution."

### The judgment is in the following terms:

"On the 18th day of May last this court rendered, by virtue of the petition of the plaintiff above named, filed in accordance with the Mortgage Law, an order requiring the said above named defendant to pay to the plaintiff 7,200 *pesos* as principal, the interest due upon that sum up to the last day of April, which amounts to $3,976, and the interest which may accrue upon the same until the final payment of the said obligation, together with the costs caused, and which may be caused, including therein $250 as fees for the plaintiff's lawyer.

"On the 12th day of July last the debtor was summoned by the order of this court and notified that the mortgaged property would be sold at public auction if he did not pay within the term of 30 days from the date of the summons referred to, the amount adjudged to be due.

"And the court, in accordance with the facts set out, and in accordance with the provisions of the Mortgage Law, and the law relating to the manner of satisfying judgments, orders that the plaintiff in this case shall recover from the defendant the sum of $7,200,

the interest due upon that sum, which amount, up to the month of last April, the sum of $3,976, the interest which may accrue up to the final payment of the amount at the rate agreed upon, the costs of this proceeding, and $250 as lawyer's fees. Let a warrant be issued by the secretary to the marshal in accordance with the provisions of the said law relating to the manner of satisfying judgments.''

It is to be noticed that on the same day, October 10, 1907, the court made two pronouncements substantially alike, one called an order and the other called a sentence. We do not see any reason for this duplication.

The petitioner below, who is also the petitioner in the *certiorari* proceeding, complains of the action of the court in rendering and registering a final judgment. It would seem that the petition itself asked for an execution in ordinary form, and as such execution generally only follows a general final judgment, there was some apparent justification for this step on the part of the judge. The petitioner here now urges that he is delayed by the action of the court in rendering a final judgment; but he himself is largely responsible for the delay by having asked and obtained an order for a general execution. We shall proceed to examine what a creditor following the summary process is entitled to by way of judgment and execution under the existing law.

We have held in the case of *Emilio Jiménez et al.* v. *Julio Brenes y Aponte*, that the special proceeding under the Mortgage Law was not abolished by the Code of Civil Procedure, nor were any of its regulations affected by that act. We have also said in that opinion that the Act of March 9, 1905, relating to judgments and the manner of satisfying them was the first step taken by the legislature to modify the procedure of the Mortgage Law. Let us consider that act.

It is true that the Law of March 9, 1905, speaks of decisions and judgments rendered in all actions or special proceedings for the foreclosure of mortgages, but we must also

recognize that the last part of the first section which says: "If the property cannot be found, or if the proceeds of such sale be insufficient to satisfy the judgment, then to secure the money, or any balance thereof, remaining unpaid, out of any other property of the defendant, as in case of ordinary executions," should be limited to the case in which there has been a judgment of indebtedness after a regular trial, and should not extend to the case in which there has been no regular judgment, as in the summary proceeding established by the Mortgage Law.

It could not have been the intention of the legislature to permit other of the debtor's property to be taken and sold under an execuion where he had never been heard in the principal proceeding, and where the mortgage contract made by him with his creditor never contemplated any property but the lands described in the mortgage. The law of March 9, 1905, can be taken to apply to a proceeding under the Mortgage Law only so far as its words and its spirit are applicable to a summary process. In other words, the only part of that law which applies to the summary proceeding is that the property must be sold by the marshal. As was said in the Brenes case, the mode of procedure known as the *via de apremio* was abolished.

We must give effect to the law of March 9, 1905, but that law did not convert the decisions or action of the court in a mortgage proceeding into a final judgment in the sense that the word is used in the Code of Civil Procedure. It is not every adjudication or decision of a court which partakes of the character of a judgment. This is self-evident, but it also follows from the language of section 213 of the Code of Civil Procedure. This section, in speaking of what orders and judgments are considered as excepted to, *per se,* includes "an order or decision made upon a contested motion," or "an order or decision from which an appeal may be taken"; the

same section treating likewise of final judgments and of other orders than the two mentioned.

Now, while the action of the court in the mortgage proceeding necessarily determines the rights of the parties so far as the particular proceeding is concerned, yet orders or decisions which are rendered therein do not constitute a judgment upon which execution may be issued generally. This follows from section 168 of the rules for execution of the Mortgage Law, which provides that the summary proceeding should only be directed against the lands encumbered by the mortgage. There is nothing in the said law which characterizes these orders or decisions as judgments, and we agree with the attorney for petitioner that the word "decision" as used in the act of March 9, 1905, applies to such law, but that the word judgment does not. We likewise agree with him that it is the order to pay rather than the order of sale which is the final determination.

We now come to consider the remedies that were open to the parties after the order and judgment rendered by the court below. We think that as these proceedings on the part of the court included more than the summary proceeding permits, that the debtor properly might have attacked the judgment in an appropriate proceeding. A doubt might arise whether the creditor was prejudiced thereby, gaining as he did such a sweeping execution, which reads into the mortgage contract an effect never in the minds of the parties. If then the debtor had brought this petition we should not have hesitated to declare the sentence null and void.

However, the creditor has been delayed in his execution, and while it is somewhat due to his own fault that the creditor finds himself in this situation, yet we think that the interests of the parties will be best safeguarded if we exercise our jurisdiction in the matter of *certiorari*. It is true that a *certiorari* will not ordinarily lie where an appeal may be had,

and we have so decided in several cases. (*Ex parte Arpín,* 2 Decisiones de Puerto Rico, p. 360; *Delgado* v. *Cabassa,* 2 Decisiones de Puerto Rico, p. 463; *Giménez* v. *La Corte de Distrito,* 2 Decisiones de Puerto Rico, p. 635.) But the principle laid down in these decisions is that the same result could be obtained regularly, adequately and speedily in the course of an appeal. This is the principle which this court has announced and will continue to follow. So far as this case is concerned, the appeal, if it lies, is not an adequate and speedy remedy.

However, whatever may be the construction put upon those decisions, the question presented in the case at bar clearly falls within the purview of the *certiorari* law itself, which provides that the writ shall issue or the proceeding lie, in cases where the procedure is not according to the course of the law. The court below was not justified in taking the action it did.

The decisions of the court below, styled "order" and "judgment," rendered on the 10th of October, 1907, must be pronounced null and void in so far as they extend the force of the execution to other than the mortgaged property of the debtor, and in so far as the registration of the order as a judgment is concerned, as it does not possess such character, and the judge should have confined his order to the sale of the property encumbered by the mortgage, and the proper order should have been issued to the marshal.

*Accordingly decided.*

Justices Hernández and Figueras concurred.
Justices Quiñones and MacLeary dissented.